Filed 10/10/24  P. v. Lewis CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083396 |
| v. | (Super.Ct.No. FRE03786) |
| LORAN L. LEWIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Dismissed.

Carl Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

On November 16, 2001, a jury found defendant and appellant Loran L. Lewis guilty of two counts of murder (Pen. Code, § 187, counts 1 & 2),[1] one count of evading an officer in willful disregard for the safety of persons or property (Veh. Code, § 2800.2, subd. (a), count 3), and two counts of the unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a), counts 4 & 5). The court thereafter found true allegations that defendant had suffered two prior strike convictions (Pen. Code, §§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)). The court sentenced defendant to state prison for 140 years to life.[2] (*Lewis I*, *supra*, E031035; *People v. Lewis* (2006) 139 Cal.App.4th 874, 880 (*Lewis II*); *Lewis III*, *supra*, E060430; *Lewis IV*, *supra*, E065162; *Lewis V*, *supra*, E075066.)

Defendant appealed. This court affirmed the judgment. (*Lewis I*, *supra*, E031035.)

Thereafter, the California Supreme Court decided in *People v. Howard* (2005) 34 Cal.4th 1129, that the predicate felony in this case, section 2800.2, is not an inherently dangerous felony, such that it cannot support a conviction for second degree felony murder. This court subsequently vacated the opinion and reversed defendant's murder

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] We take judicial notice of this court's unpublished opinions in *People v. Lewis* (May 19, 2006, E031035) (*Lewis I*), from defendant's appeal of the judgment; *People v. Lewis* (July 23, 2015, E060430) (*Lewis III*), from defendant's appeal of the denial of his section 1170.126 petition; *People v. Lewis* (Sept. 28, 2016, E065162) (*Lewis IV*), from defendant's appeal of the order denying his section 1170.126 petition on remand from *Lewis III*; and *People v. Lewis* (Mar. 22, 2021, E075066) (*Lewis V*), from his appeal of the denial of his petition to reclassify his felony convictions for unlawful taking or driving of a vehicle to misdemeanors. (Evid. Code, § 459.)

convictions.  (*Lewis II*, *supra*, 139 Cal.App.4th at p. 879; *Lewis III*, *supra*, E060430; *Lewis IV*, *supra*, E065162; *Lewis V*, *supra*, E075066.)

The People subsequently refiled charges against defendant.  Defendant pled guilty to two counts of voluntary manslaughter, with an agreed sentence of three years, concurrent, on each count.  The court resentenced defendant to 53 years to life.  (*Lewis III*, *supra*, E060430; *Lewis IV*, *supra*, E065162; *Lewis V*, *supra*, E075066.*)

On August 30, 2023, defendant filed a petition for resentencing pursuant to former sections 1171 and 1171.1,[3] which the superior court summarily denied at a hearing at which neither defendant nor counsel on his behalf appeared; the court found there were no applicable allegations or enhancements attached to defendant's convictions.

Counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of facts, a statement of the case, requesting that we independently review the record for error, and identifying one potentially arguable issue:  whether defendant was prejudiced by the lack of an appearance by counsel or himself at the hearing.

We gave defendant the opportunity to file a personal supplemental brief.  We noted that if he did not do so, we could dismiss the appeal; nevertheless, he has not filed one.  Under these circumstances, we have no obligation to independently review the

---

[3] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1171 as section 1172.7 (Stats. 2022, ch. 58, § 11) and section 1171.1 as section 1172.75.  (Stats. 2022, ch. 58, § 12.)

record for error.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 224-231.)  Rather, we dismiss the appeal.  (*Id*. at pp. 231-232.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.